MUNICIPIO DE AGUADILLA, PETICIONARIO Y APELANTE, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO ET AL., DEMANDADAS Y APELADAS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en procedimiento de *mandamus.*

No. 2628.—Resuelto en mayo 22, 1922.

*Mandamus*—COBRO DE CONTRIBUCIONES.—El *mandamus* no es el recurso adecuado para hacer efectivo el cobro de una contribución.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. J. Valldejuly.*
Abogado de las apeladas: *Sr. M. Acosta Velarde.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El Municipio de Aguadilla solicitó la expedición de un auto de *mandamus* contra la American Railroad Company, el cual fué denegado por la Corte de Distrito de Aguadilla. El municipio impuso una contribución por concepto de patentes a la compañía de ferrocarriles y también un arbitrio por el espacio que ocupa en las calles de Aguadilla, ascendente a la suma de $3,684.

Refiere la petición que a pesar de todas las gestiones realizadas por el municipio para el cobro, la compañía de ferrocarriles rehusa hacer, el pago de las contribuciones. La demandada contestó expresando que el municipio tenía un amplio recurso de acuerdo con las leyes municipales para hacer efectivo el cobro de contribuciones mediante ejecución o embargo. La teoría de la corte al denegar el *mandamus* fué que antes de que el municipio pudiera recurrir al auto extraordinario de *mandamus* debe primero agotar sus recursos mediante ejecución y embargo, y en cierto modo éste parece haber sido la teoría de la contestación. Suponiendo que el dejar de cobrarse por el procedimiento ordinario de ejecución y embargo daría derecho al peticionario a solicitar un auto de *mandamus,* la corte tuvo claramente razón.

El apelante no ha hecho señalamiento de error pero discute dichos errores por serie (*seriatim*). Nos limitaremos por tanto a consideraciones generales. Sostiene el apelante que procede el *mandamus* para el cumplimiento de un deber aún cuando proceda otro remedio. Esto quizás es cierto en un sentido general cuando puede hacerse cumplir un deber mediante *mandamus,* pero no cita el apelante ningún caso que exprese que puedan cobrarse contribuciones por medio de *mandamus,* o que pueda hacerse cumplir cualquiera o todo deber por el auto de *mandamus.*

La sección 2 de la Ley de *Mandamus* prescribe lo siguiente:

"Sección 2.—El auto de *mandamus* podrá dictarse por el Tribunal Supremo o por las cortes de distrito o por cualquiera de sus magistrados o jueces cuando se hallen .en el ejercicio de sus fun-

ciones o en sus oficinas, y se dirigirá a cualquier tribunal inferior, corporación, junta o persona obligada al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de un empleo, cargo o función pública; pero aún cuando puede requerir a un tribunal inferior o a cualquiera de sus jueces para que adopte este criterio, o para que proceda al desempeño de cualquiera de sus funciones, el auto no puede tener dominio sobre la discreción judicial.''

Las contribuciones pueden estar vencidas y las apeladas en la obligación de pagarlas, pero para expresarnos en forma reservada, el apelante no nos ha demostrado que el deber de las apeladas de pagar contribuciones resulta de algún empleo, cargo o función pública, o es de algún modo un deber de derecho público (*publici juris*). Véase el caso de *Fernández* v. *Wilcox,* 7 D. P. R. 432; Spelling sobre Recursos Extraordinarios, página 1378, y *Belaval* v. *Todd,* 24 D. P. R. 820.

De igual manera y aunque no queremos mostrarnos demasiado fuertes, nada encontramos en los autos que demuestre que estas contribuciones impuestas a la compañía de ferrocarriles se diferencien de las que se imponen a cualquier ciudadano, y en ausencia de algo en contrario, somos de opinión de que no debe expedirse el auto de *mandamus* para hacer efectivo el cobro de una contribución. En el análisis final, la negativa a hacer el pago podría sujetar a alguien a prisión, indicando una prisión por deuda, cosa que está prohibida por la sección 2, párrafo 6 de la Ley Orgánica, o el auto sería ilusorio.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.